**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2326**

BOLUMBE HENRI IKETE,

Petitioner,

versus

ALBERTO R. GONZALES, United States Attorney
General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-513-634)

Submitted: January 26, 2007          Decided: February 28, 2007

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bolumbe Henri Ikete, Petitioner Pro Se.  Daniel Eric Goldman,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bolumbe Henri Ikete, a native and citizen of the Democratic Republic of Congo, petitions for review of an order of the Board of Immigration Appeals affirming without opinion the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture. We treat the immigration judge's reasoning as that of the Board's in our review. Haoua v. Gonzales, 472 F.3d 227, __, 2007 WL 29463, *2 (4th Cir. Jan. 5, 2007) (citing Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004)).

Ikete challenges the immigration judge's finding that his testimony was not credible and that he otherwise failed to meet his burden of proof to qualify for asylum. We will uphold a negative credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Ikete failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for

- 2 -

asylum.  See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).  Similarly, because Ikete does not qualify for asylum, he is ineligible for withholding of removal.  See Camara, 378 F.3d at 367.

Ikete seeks to challenge the immigration judge's failure to grant him protection under the Convention Against Torture, a claim he did not present to the Board.  "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C.A. § 1252(d)(1) (West 2005).  We therefore lack jurisdiction to consider this issue.  Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 359 n.2 (4th Cir. 2006) (citing Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004)). Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED